**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **BARRY E. GORDON, *et al.*,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **CIVIL ACTION 05-0329-WS-M** |
| | ) |
| **ACROCRETE, INC., *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the Motion to Dismiss or in the Alternative, Motion for Summary Judgment (doc. 15) filed by defendants ARXX Building Products, Inc. and ARXX Building Products U.S.A., Inc. (collectively, the "ARXX Defendants"). The Motion has been briefed and is ripe for resolution.

**I.    Background.**

On April 27, 2005, plaintiffs Barry E. Gordon and Beth N. Gordon (collectively, the "Gordons") filed suit against Acrocrete, Inc. and the ARXX Defendants in the Circuit Court of Baldwin County, Alabama. The Complaint alleged causes of action against the ARXX Defendants for breach of contract, breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. The Gordons' claims arose from their use of a synthetic stucco finish system supplied by Acrocrete and an expanded polystyrene performance wall system supplied by the ARXX Defendants in constructing their home in Orange Beach, Alabama. According to the well-pleaded allegations of the Complaint, several months after these products were installed, the exterior walls of plaintiff's home developed cracks that paralleled the webbing contained in the ARXX walls. Plaintiffs allege that neither Acrocrete nor ARXX undertook reasonable measures to remedy the defect, and that the cracks worsened over time.

On June 3, 2005, defendant Acrocrete removed this action to this District Court pursuant to 28 U.S.C. §§ 1332 and 1441, alleging diversity of citizenship and satisfaction of the amount in controversy

requirement.[1]  All defendants filed answers in due course, and this action commenced on a fairly typical discovery track, subject to a discovery cutoff date of February 3, 2006.  Two months into the discovery process, the ARXX Defendants filed their Motion to Dismiss or in the Alternative, Motion for Summary Judgment (doc. 15), maintaining that the breach of contract and implied warranty claims against them are not cognizable.[2]  The express warranty cause of action is outside the ambit of their Motion; indeed, the ARXX Defendants concede that "there is still some question regarding the existence and applicability of any express warranties from ARXX."  (Defendants' Brief, at 4-5.).  As

---

[1]      The ARXX Defendants neither joined in the Notice of Removal, nor submitted a written consent to same.  As a general rule, "[t]he unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal."  *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001); *see also Hernandez v. Seminole County, Fla.*, 334 F.3d 1233, 1237 (11th Cir. 2003) ("The failure to join all defendants in the petition is a defect in the removal procedure.").  Nonetheless, because this defect was procedural and therefore nonjurisdictional in nature, it was waived when plaintiffs failed to raise it timely in a motion to remand.  *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) (failure of all defendants to join in a removal petition is not a jurisdictional defect and may be waived); *In re Bethesda Memorial Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997) ("The failure to join all defendants in the petition is a defect in the removal procedure.").

[2]      The timing of the ARXX Defendants' Motion is unusual.  Had movants wished to assert a Rule 12(b)(6) argument that these causes of action fail to state a claim as a matter of law, a more conventional time to interpose such objections would have been the initial pleading stage.  If, however, movants believe that the evidence viewed in the light most favorable to the Gordons cannot support such claims, then prudence might suggest filing a Rule 56 Motion at the close of discovery.  Instead, the ARXX Defendants elected to file a hybrid Rule 12(b)(6) / Rule 56 Motion in virtually the middle of the discovery process.  It is not improper for the ARXX Defendants to present their Motion in this fashion; however, they are cautioned that, given the judicial policies favoring efficiency and frowning on piecemeal resolution of disputes, the Court will not be disposed to authorize any successive Rule 56 motion that the ARXX Defendants may wish to submit at a later date.  *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (explaining that courts do "not approve in general the piecemeal consideration of successive motions for summary judgment because parties ought to be held to the requirement that they present their strongest case for summary judgment when the matter is first raised") (citations omitted); *but see Fernandez v. Bankers National Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) ("Two motions for summary judgment may be ruled upon in the same case, particularly when discovery has been extended for good reason, as in this case, and the district judge allows a second summary judgment motion.").

-2-

such, the sole issues presented by the Motion are whether the Gordons are entitled to pursue their breach of contract and breach of implied warranty claims against the ARXX Defendants.

## II.    Legal Standard.

Although couched in the alternative as a motion to dismiss or a motion for summary judgment, the ARXX Defendants' Motion bears little resemblance to a Rule 12(b) motion.  Indeed, the Motion does not allege that the Complaint insufficiently pleads claims of breach of contract and breach of implied warranties, nor could it do so given the patently sufficient allegations set forth in the Complaint with respect to those causes of action.  The Motion rests entirely on matters outside the pleadings, to-wit: the Affidavit of Don Blewett.  As such, the ARXX Defendants' Motion is properly classified as a Motion for Summary Judgment, not as a Rule 12(b)(6) motion, and will be construed on that basis.  To the extent that the Gordons purport to proceed under Rule 12(b)(6), their Motion is **denied**.

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact.  *Id.*  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Id.*  (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted).  "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter.  Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted).  However, the mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. *Lofton v. Secretary of Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004).

### III.     Analysis.

#### A.     *Implied Warranty Causes of Action.*

With respect to the implied warranty claims, the ARXX Defendants assert that such causes of action are not actionable against them because the ARXX wall system is not a "good" within the meaning of Alabama's Uniform Commercial Code.

The ARXX Defendants argue, and plaintiffs do not dispute, that the implied warranties of merchantability and fitness for a particular purpose exist under Alabama law as a creature of the Uniform Commercial Code, Ala. Code §§ 7-1-101, *et seq.* ("UCC"). *See generally CertainTeed Corp. v. Russell*, 883 So.2d 1266, 1270 (Ala.Civ.App. 2003) (characterizing claims "predicated on theories of breach of an implied warranty of merchantability and breach of an implied warranty of fitness for a particular purpose" as involving "warranties addressed in portions of Alabama's [UCC]"); *Rampey v. Novartis Consumer Health, Inc.*, 867 So.2d 1079, 1086 (Ala. 2003) (concerning "action for breach of the implied warranties of merchantability and fitness for a particular purpose under Alabama's [UCC]"). The warranty of merchantability flows from statutory language providing that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Ala. Code § 7-2-314(1). Likewise, the origins of the warranty of fitness for particular purpose lie in UCC language that "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is ... an implied warranty that the good shall be fit for such purpose." Ala. Code § 7-2-315.

Movants' argument as to the implied warranty claims is quite simple. By their statutory terms, both implied warranties only apply to the sale of "goods." Under Alabama law, "[t]he test for determining whether an attachment to realty is a good under the UCC is whether the 'thing' attached to the realty is capable of severance without material harm to the realty." *Keck v. Dryvit Systems, Inc.*, 830 So.2d 1, 8 (Ala. 2002) (citing Official Comment to Ala. Code § 7-2-105, at ¶ 1). The ARXX wall system cannot be deemed "goods," movants maintain, because this product is not severable from the realty. In that regard, ARXX executive Don Blewett avers that the product consists of a webbed

-4-

polystyrene and polypropylene frame into which concrete is poured, such that the ARXX product itself becomes an integral, permanent and inseparable part of the wall when the concrete has cured.  (Blewett Aff., ¶¶ 2.)  Thus, the ARXX Defendants contend that this case is materially indistinguishable from *Keck*, in which the Alabama Supreme Court found that an exterior insulation finishing system which composed the exterior wall of the Kecks' home after its installation could not be deemed a "good" for UCC purposes, thereby precluding any UCC implied warranty claims against the system's seller. *Keck*, 830 So.2d at 8-9.

In response to this compelling argument, the Gordons wisely "concede[] (quite reluctantly) that *Keck* is the controlling statement of law in Alabama and that under its analysis, implied warranties are not available to the Plaintiffs as the ARXX blocks are not severable from the realty."  (Response, ¶ 2.) On that basis, plaintiffs acknowledge that the Motion "is due to be granted as to the Plaintiffs' claims regarding implied warranties."  (*Id.* at 2.)  Accordingly, the implied warranty claims found in Counts Five and Six of the Complaint are **dismissed** as to the ARXX Defendants.

### B.    *Breach of Contract Cause of Action.*

The ARXX Defendants also seek dismissal of the breach of contract claim (Count Two) against them.  In support of this request, movants rely exclusively on Blewett's blanket statement that "ARXX has never entered into any contract, either verbal or written, with Barry or Beth Gordon."  (Blewett Aff., ¶ 4.)  However, the existence of genuine issues of material fact on this point is evident.  Plaintiffs have submitted the Affidavit of Barry E. Gordon ("Mr. Gordon"), detailing a number of conversations he had with an ARXX representative prior to making arrangements to utilize the ARXX wall system in constructing plaintiffs' home.  According to Mr. Gordon, the ARXX representative "unequivocally stated that ARXX would fully stand behind its product and guarantee its performance" so long as the Gordons utilized an ARXX-approved stucco supplier, such as Acrocrete.  (Gordon Aff., ¶ 5.)  The representative also told him that stucco could be applied directly to the ARXX product, again with the proviso that an approved stucco supplier was retained for the task.  (*Id.*, ¶ 3.)  Mr. Gordon asserts that he agreed to utilize the ARXX product as well as the services of Acrocrete "in consideration of ARXX's applicator requirements and ARXX's agreement to warranty the finished building."  (*Id.*, ¶ 6.)

When the cracking problems surfaced, Mr. Gordon claims, he repeatedly notified ARXX of the situation, but ARXX never responded, inspected his home, or otherwise took any action consistent with its promise to "stand behind" its product.

Even on this skeletal record, it is apparent that a factual dispute exists between plaintiffs and ARXX as to whether the parties entered into an oral contract. If the Gordon Affidavit is believed, then there was such a contract, as ARXX promised guarantees and warranties in exchange for the Gordons' purchase of their product and utilization of their approved stucco supplier. On that basis, defendants are not entitled to judgment in their favor as to the breach of contract cause of action at this stage. The Motion is **denied** as to Count Two.

## IV.   Conclusion.

For all of the foregoing reasons, the ARXX Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment (doc. 15) is **granted in part, and denied in part**. In particular, the Motion is **denied** to the extent it is couched as a Motion to Dismiss pursuant to Rule 12(b)(6). To the extent that is brought under Rule 56, the Motion is **granted** as to the implied warranty claims, and Counts Five and Six of the Complaint are **dismissed with prejudice** insofar as they relate to the ARXX Defendants.[3] The Motion is **denied** as to the breach of contract claim set forth in Count Two.

In light of the judicial economy and piecemeal litigation concerns set forth in footnote 2, *supra*, ARXX may not file a successive motion for summary judgment in this matter without prior leave of Court. Any request for leave to file such a successive motion should include a concise description of the legal grounds for the anticipated Rule 56 motion and should identify the reason why such grounds were not identified and pursued in the ARXX Defendants' previous dispositive motion.

DONE and ORDERED this 23rd day of November, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]      Defendant Acrocrete is also named in Counts Five and Six. Inasmuch as no party has challenged whether implied warranty claims are viable as to that entity, this Order neither dismisses nor otherwise disturbs Counts Five and Six as to Acrocrete.